# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7125 | **DATE** | 2/19/2002 |
| **CASE TITLE** | PATRICK JOHNSON vs. JONATHON R. WALLS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The first and second claims of Johnson's Writ for Habeas Corpus are dismissed. The third and fourth claims are continued. Johnson's supplemental pleading to be filed on or before March 29, 2002. Respondent's response and any necessary supplemental record to be filed on or before April 30, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 21 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 FEB 20 PM 5:46 | FEB 21 2002 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| PATRICK JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 01 C 7125 |
| ) | |
| JONATHON R. WALLS, ) | Judge John W. Darrah |
| ) | |
| Respondent. ) | |

DOCKETED
FEB 21 2002

## MEMORANDUM OPINION AND ORDER

Petitioner, Patrick Johnson (Johnson), seeks a writ of habeas corpus against the Menard Correctional Center Warden, Jonathon R. Walls, pursuant to 28 U.S.C. § 2254. Before the Court is Johnson's Writ of Habeas Corpus in which he raises four grounds for relief: (1) the State failed to provide a bill of particulars regarding where the murder occurred; (2) he was denied due process and his right to counsel at his arraignment regarding bail; (3) ineffective representation by trial counsel for failing to file a post-trial motion to withdraw his guilty plea based on the State's failure to prove where the murder occurred; and (4) ineffective assistance of trial counsel for advising Johnson to plead guilty where the State could not prove where the murder occurred.

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has not challenged the appellate court's summary of facts. Accordingly, the following facts are drawn from the appellate court's opinions.

On or about July 2, 1995, Johnson confessed to the armed robbery and murder of Sheldon Raider. Johnson was subsequently charged with four counts of first-degree murder, one count of

/ 2

armed robbery, and one count of aggravated vehicular hijacking.

On June 20, 1997, Johnson entered a plea of guilty to first degree murder. In exchange for the guilty plea, the State agreed to dismiss the remaining charges and agreed not to ask for a sentence of death or natural life.

On July 2, 1997, Johnson filed a *pro se* motion to withdraw his guilty plea. On August 12, 1997, Johnson filed "Defendant's Continued Motion To Withdraw Plea And Discharge Counsel". The second motion alleged that Count VI, aggravated vehicular hijacking mistakenly alleged to have occurred under one section of the code which was inconsistent with the body of the charge. It also alleged that the murder allegation was mislabeled. At a hearing on Johnson's motion, Johnson testified that he did not intend to waive any pretrial rulings by pleading guilty. He alleged that he was not informed that a guilty plea waived any suppression issues until after he had entered his guilty plea. Johnson's motion was denied.

In December 1997, Johnson was sentenced to seventy-eight years' imprisonment.

Subsequently, Johnson appealed his sentence to the Illinois Appellate Court, Second Judicial Circuit. On appeal, Johnson argued that: (1) trial counsel failed to comply with Illinois Supreme Court Rule 604(d), in that he did not file a certificate indicating that he reviewed the sentencing hearing prior to filing his motion to reconsider the sentence and (2) his sentence was excessive.

On June 29, 1998, Johnson filed a *pro se* petition for post-conviction relief in the circuit court. Johnson argued: (1) he was denied his right to counsel at his bail hearing; (2) the trial court improperly considered his assault of a Kane County jail guard as an aggravating factor at sentencing; and (3) the indictments were insufficient and did not state an offense.

On September 23, 1998, the circuit court denied Johnson's petition. As to Johnson's first

claim, the court found that Johnson's bail hearing was not a "critical stage" in his prosecution that required the appointment of counsel. In addition, his voluntary guilty plea waived any such error. The court found Johnson's second claim was frivolous and patently lacked merit. As to the third claim, the court found that the indictment did contain all of the essential elements of first-degree murder and that the alleged errors with claims that were dismissed were irrelevant because such claims were dismissed.

On April 28, 1999, the Illinois Appellate Court affirmed Johnson's conviction and sentence.

In October 1999, Johnson appealed the denial of his petition for post-conviction relief to the Illinois Appellate Court, Second Division. On appeal, Johnson argued that he was denied effective assistance of trial counsel because trial counsel failed to renew his motion to withdraw his pleas of guilty which precluded the filing of a direct appeal. On June 28, 2000, the Illinois Appellate Court found the issue was procedurally defaulted; and alternatively, the court found the issue to be meritless and affirmed the circuit court.

In July 2000, Johnson filed a *pro se* petition to appeal with the Illinois Supreme Court. Johnson's argument consisted of one sentence. "Appellate Court's decision in attached Rule 23 order is inconsistent with previous decisions concerning post-conviction allegations." Johnson attached the June 28, 2000 Order. On October 4, 2000, the Illinois Supreme Court denied Johnson's petition for leave to appeal.

On September 13, 2001, Johnson filed the present petition.

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

"was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A habeas corpus petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (*Coleman*).

Generally, there are three ways a procedural default occurs: (1) where the petitioner fails to raise a federal constitutional issue in the state courts (*Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)); (2) when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground (*Coleman*, 501 U.S. at 729-30); and (3) if the petitioner completely failed to assert the claim in the state court (*Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

A petitioner may be excused from a procedural default if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which precludes the petitioner's ability to pursue his or her claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*), quoting *Murray*, 477 U.S. at 496.

Respondent argues that claims 1, 3, and 4 of Johnson's petition are procedurally barred

4

because he did not raise any of these claims in the state courts.

Johnson does not dispute that he did not raise these claims in state court. As to his first claim, Johnson does not allege cause for the default and actual prejudice as a result of the alleged violation of federal law. Instead, Johnson argues that his failure to raise his first claim should be excused because if the State was unable to prove venue, he has established "actual innocence". Importantly, Johnson does not contend that he is "actually" innocent of the crime; rather, his argument is that if the State was unable to prove venue, he could not have been convicted of the crime. In other words, he argues that he is "legally innocent". However, claims of legal innocence, as opposed to claims of actual innocence, have no relevance when determining if a miscarriage of justice has occurred. *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995). Accordingly, claim one is procedurally defaulted.

Johnson's third and fourth claims both allege ineffective assistance of counsel. The third claim alleges ineffective representation by trial counsel for failing to file a post-trial motion to withdraw his guilty plea based on the State's failure to prove where the murder occurred. The third claim alleges ineffective assistance of trial counsel for advising Johnson to plead guilty where the State could not prove where the murder occurred.

Johnson argues that he should be excused from procedural default on these two claims because proven ineffective assistance of counsel may be considered cause for a procedural default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991) (*Farrell*).

Ineffective assistance of counsel, if proven, may be considered cause for a procedural default. *Farrell*, 939 F.2d at 411. However, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief

5

... [unless] the basis for the claim does not appear in the record." *Unites States v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985).

Johnson does present any argument to establish ineffective assistance of counsel. Furthermore, the Court is unable to determine if ineffective assistance of counsel could be proved. Johnson does not present any facts or evidence to support his allegation that the State could not prove venue. He presents conflicting statements about when the alleged suppression of such evidence became known. In one sentence he states it was not until after the first post-conviction petition was "out of trial court" that he had proof that the State could not prove venue. In another sentence, he states he became aware of proof that the State could not prove venue in September 1997. Furthermore, it cannot be determined when, if ever, trial counsel became aware of the alleged lack of venue based on the present record. Nor can it be determined if the basis of Johnson's claims were part of the trial record to establish waiver of these claims.

Based on the above facts, the Court is unable to determine if cause exists to excuse Johnson's procedural default. Accordingly, Johnson is ordered to file a supplement to his petition addressing these two claims and the alleged ineffective assistance of counsel in accordance with the issues discussed above. The supplement is to be filed on or before March 29, 2002. Respondent is to file any response and necessary supplemental record on or before April 30, 2002.

Respondent argues that claim two of Johnson's petition is also procedurally barred because he did not present the claim to the State's highest court.

The failure of a petitioner to pursue a discretionary appeal to the highest state court constitutes a procedural bar to habeas corpus relief. *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

6

In the instant case, Johnson presented his second claim, failure to provide counsel at his bail hearing, to the circuit court in a post-conviction petition. The circuit court denied the petition. Johnson did not appeal this claim to the state's highest court.

Johnson has failed to demonstrate he should be excused from this procedural default. Johnson has failed to demonstrate that there was cause for the default and actual prejudice as a result of the alleged violation of federal law or that lack of review will result in a miscarriage of justice. There is no evidence, and Johnson does not allege, that some external factor external to his defense precluded his ability to further pursue his claim in the state courts to establish cause for his default or that actual prejudice resulted because of an alleged violation of federal law.

In addition, Johnson does not allege, and the evidence does not establish, a fundamental miscarriage of justice occurred. Accordingly, Johnson's procedural default is not excused.

For the reasons stated above, the first and second claims of Johnson's Writ for Habeas Corpus are dismissed. The third and fourth claims are continued. Johnson's supplemental pleading to be filed on or before March 29, 2002. Respondent's response and any necessary supplemental record to be filed on or before April 30, 2002.

Dated: February 19, 2002

JOHN W. DARRAH
United States District Judge