# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7125 | **DATE** | 7/11/2002 |
| **CASE TITLE** | USA ex rel. PATRICK JOHNSON vs. JONATHON R. WALLS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The third and fourth claims of Johnson's Writ for Habeas Corpus are dismissed. Status hearing set for 8/21/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | JUL 11 2002 date mailed notice | |
| LG | courtroom deputy's initials | 02 JUL 10 PM 6:00 Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| PATRICK JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 01 C 7125 |
| ) | |
| JONATHON R. WALLS, ) | Judge John W. Darrah |
| ) | |
| Respondent. ) | |

DOCKETED

JUL 1 1 2002

## MEMORANDUM OPINION AND ORDER

Petitioner, Patrick Johnson (Johnson), seeks a writ of habeas corpus against the Menard Correctional Center Warden, Jonathon R. Walls, pursuant to 28 U.S.C. § 2254. Johnson raises four grounds for relief: (1) the State failed to provide a bill of particulars regarding where the murder occurred; (2) he was denied due process and his right to counsel at his arraignment regarding bail; (3) ineffective representation by trial counsel for failing to file a post-trial motion to withdraw his guilty plea based on the State's failure to prove where the murder occurred; and (4) ineffective assistance of trial counsel for advising Johnson to plead guilty when the State could not prove where the murder occurred. On February 19, 2002, this Court dismissed the first and second claims of Johnson's Writ for Habeas Corpus, finding these claims were procedurally defaulted. Johnson's third and fourth claims were continued for further development and the parties were ordered to file supplemental briefs. The supplemental briefs have been filed and reviewed by the Court.

The underlying facts are fully set forth in the previous Memorandum Opinion and Order and need not be repeated here.

Respondent argues that claims 3 and 4 of Johnson's petition are procedurally barred because



Johnson failed to raise these claims in the state courts. Johnson concedes that he did not raise these claims in state court and argues that he should be excused from procedural default because proven ineffective assistance of counsel may be considered cause for procedural default.

Generally, there are three ways a procedural default occurs: (1) where the petitioner fails to raise a federal constitutional issue in the state courts (*Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)); (2) when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground (*Coleman*, 501 U.S. at 729-30); and (3) if the petitioner completely failed to assert the claim in the state court (*Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

A petitioner may be excused from a procedural default if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which precludes the petitioner's ability to pursue his or her claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*), quoting *Murray*, 477 U.S. at 496.

Johnson's third and fourth claims both allege ineffective assistance of counsel. The third claim alleges ineffective representation by trial counsel for failing to file a post-trial motion to

2

withdraw his guilty plea based on the State's failure to prove where the murder occurred. The fourth claim alleges ineffective assistance of trial counsel for advising Johnson to plead guilty where the State could not prove where the murder occurred.

Ineffective assistance of counsel, if proven, may be considered cause for a procedural default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991) (*Farrell*). However, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear in the record." *Unites States v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985).

The basis of both of Johnson's ineffective assistance of counsel arguments stems from the alleged inability of the State to prove where the murder occurred. On December 4, 1995, Johnson's counsel filed a Motion for a Bill of Particulars, seeking, in pertinent part, "[t]hat the State inform the Defense of the exact location where the alleged offense took place". The State did not inform the defense of the exact location where the murder took place or if they knew where the exact location of the murder took place. However, both the State and the defense had Johnson's statement to the Illinois State Police in which Johnson stated that he shot the victim while Johnson was driving from Dixon, Illinois to Chicago, Illinois on Interstate 88. The victim's reaction, "twitching all over", "surprised" Johnson; at which time, he pulled onto the shoulder of the interstate and removed the victim from the car, leaving the victim on the shoulder of the interstate. Johnson does not dispute that the victim's body was left in Kane County. Johnson pled guilty to the crime on June 20, 1997, almost two years after the Bill of Particulars was filed.

Based on the above facts, the alleged inability of the State to prove where the murder occurred was part of the record after December 4, 1995, when the information was sought and no

3

response was filed. Because the deficiencies Johnson now attempts to attribute to his trial counsel are based on information contained in the record and Johnson failed to raise the issue in the state courts, Johnson has waived his claim of ineffective assistance of trial counsel; and such ineffective assistance of counsel claims do not constitute cause to excuse his failure to raise the claims in state court. *See Farrell*, 939 F.3d at 411 (defendant did not demonstrate cause for his procedural default because defendant waived his claim of ineffective assistance of counsel claims because information forming the basis of such claims was contained in the record).

Assuming argumendo, that Johnson had not waived his ineffective assistance of counsel claims, he is unable to prove ineffective assistance to establish cause, or actual prejudice, to excuse his procedural default.

To establish ineffective assistance of counsel, a defendant must establish: (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

In Illinois, at the time of the murder, venue was a material allegation which had to be proved beyond a reasonable doubt. *See People v. Hagan*, 145 Ill. 2d 287, 300 (1991). The applicable venue statute provided, in pertinent part, "[i]f neither the county in which the cause of death was inflicted nor the county in which death ensued are known before trial, the offender may be tried in the county where the body was found". 720 ILCS 5/1-6(c).

Johnson concedes that the victim's body was found in Kane County. Therefore, assuming that the State did not know the exact location of where the murder occurred, venue was proper in Kane County; and Johnson is unable to establish he was prejudiced by any alleged deficient

performance of his trial counsel. Accordingly, Johnson could not prove ineffective assistance of counsel to establish cause, or actual prejudice, to excuse his procedural default.

Lastly, Johnson does not allege, and the evidence does not establish, a fundamental miscarriage of justice occurred. Accordingly, Johnson's procedural default is not excused.

For the reasons stated above, the third and fourth claims of Johnson's Writ for Habeas Corpus are dismissed.

Dated: July 11, 2002

JOHN W. DARRAH
United States District Judge