# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7125 | DATE | 12/12/2002 |
| CASE TITLE | Patrick Johnson vs. Jonathon Walls | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Patrick Johnson's petition for a certificate of appealability is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 13 2002 date docketed | 25 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., PATRICK JOHNSON, ) ) ) Petitioner, ) ) v. ) JONATHON WALLS, ) ) Respondent. ) ) ) ) ) | No. 01 C 7125<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner, Patrick Johnson ("Johnson"), seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue...."

Johnson raised four grounds for relief: (1) the State failed to provide a bill of particulars regarding where the murder occurred; (2) he was denied due process and his right to counsel at his arraignment regarding bail; (3) ineffective representation by trial counsel for failing to file a post-trial motion to withdraw his guilty plea based on the State's failure to prove where the murder occurred; and (4) ineffective assistance of trial counsel for advising Johnson to plead guilty when the State could not prove where the murder occurred. On February 19, 2002, this Court dismissed

25

the first and second claims of Johnson's Writ for Habeas Corpus, finding these claims were procedurally defaulted. Johnson's third and fourth claims were continued for further development, and the parties were ordered to file supplemental briefs. On July 11, 2002, this Court dismissed the third and fourth claims, finding that they were also procedurally defaulted. Johnson's subsequent Motion to Reconsider was also denied.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whether a COA should issue after a petition was dismissed on procedural grounds has two components, and a court may address either of the components first. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (*Slack*). If the habeas petition is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 485.

Johnson's first claim was procedurally defaulted because Johnson failed to raise the claims in state court. Johnson conceded such but argued that he established "actual innocence" based on his claim that the State was unable to prove venue. However, Johnson did not contend that he was "actually" innocent. As such, no miscarriage of justice was found, and the procedural default was not excused. *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995) (claims of legal innocence have no relevance when determining if a miscarriage of justice has occurred).

2

Johnson's second claim was found to be procedurally barred because he failed to present the issue to the state's highest court. Furthermore, Johnson failed to demonstrate that his procedural bar should be excused. Johnson still fails to demonstrate his procedural default should be excused as to this claim.

Johnson's third and fourth claims were found to be procedurally barred because they were not presented in state court. Johnson conceded such and argued that he should be excused from the procedural bar because proven ineffective assistance of counsel could be considered cause for procedural default.

This Court rejected Johnson's argument, finding that the basis of the claim appeared in the record during the direct appeal. *See United States v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985). In addition, Johnson was unable to demonstrate ineffective assistance of counsel to establish cause, or actual prejudice, to excuse his procedural default in light of Johnson's confession.

Johnson argues that he could not raise these claims in state court because he did not find out that the State failed to respond to the Bill of Particular until after his post-conviction petition had already been appealed to the Illinois Appellate Court; therefore, pursuant to Illinois law, 725 ILCS 5/122-3, he could not file a second post-conviction petition. However, Johnson could have filed his claim in the state court as a second post-conviction petition, alleging, as he does here, that he could not previously raise the claim because he was unaware of the claim at the time of his first post-conviction petition. *See People v. Vilces*, 321 Ill. App. 3d 937 (2001) (cause for failing to raise claim in initial post conviction petition includes objective factor external to defense that impeded efforts to raise the claim in first proceeding); *People v. Davis*, 156 Ill. 2d 149 (1993) (fundamental fairness may excuse not raising an issue in first or amended post-conviction petition). Johnson failed to do

3

so.

Furthermore, contrary to Johnson's argument, his confession, which included details of the shooting and how and where the body was left, defeats his claim of actual prejudice to demonstrate ineffective assistance of counsel.

The above facts and law indicate that a reasonable jurist would not find it debatable whether the Court was correct in finding that Johnson's claims were procedurally barred or that Johnson should be allowed to proceed further. Accordingly, Johnson's petition for a certificate of appealability is denied.

Dated: December 11, 2002

JOHN W. DARRAH
United States District Judge

4